UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE DEBOLT,

        Petitioner,

v.                                      Case No:  2:15-cv-540-FtM-38MRM

MIKE CARROLL,

        Respondent.

_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Petitioner George Debolt's Amended Petition for Writ of Habeas Corpus (Doc. 1) to which the Respondent filed a Response (Doc. 10).  The Motion is fully briefed and ripe for the Court's review.

## **BACKGROUND**

On January 12, 2007, a jury found Debolt to be a sexually violent predator in need of treatment pursuant to Florida's Sexually Violent Predator Act Fla. Stat. § 394.910 *et seq*.  The Circuit Court entered an order committing Debolt for long-term care, control, and treatment at Florida's Civil Commitment Center (FCCC).  Debolt appealed the civil commitment and the Second District Court of Appeals remanded the issue for a new commitment trial because the State questioned Debolt's expert on issues related to past

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

discipline he received as a sex offender treatment provider. *Debolt v. State*, 19 So. 3d 335 (Fla. 2d DCA 2009).

Rather than go through another civil commitment trial, Debolt and the State of Florida entered into "Agreement for Stipulated Commitment, Temporary Inpatient Treatment, and Suspended Outpatient Treatment" (Stipulated Agreement) on November 6, 2009. The Stipulated Agreement was not appealable.

On January 3, 2011, Debolt was arrested on a DUI charge. The DUI arrest was a violation of the Stipulated Agreement and on January 26, 2011, the State Attorney requested that Debolt be committed to the FCCC. On March 3, 2011, the Circuit Court found Debolt in violation of the Stipulated Agreement and committed him to the FCCC. Debolt did not appeal the commitment decision.

Debolt now files this habeas petition raising one ground of relief arguing the State of Florida continues to detain him solely on the State's annual review while completely ignoring his right for an independent evaluation resulting in a denial of his due process rights.

## DISCUSSION

Respondents argue that Debolt's Petition is untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for filing a federal habeas petition, which runs from the date on which the state court judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Section 2244(d) provides four different triggering points for measuring the AEDPA one-year limitation period. 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to any application for writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during which "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

Florida law provides that a judgment is considered "final" upon the issuance of the mandate on direct appeal. *See Jones v. State*, 602 So. 2d 606, 607-08 (Fla. Dist. Ct. App. 1992).  If the defendant does not appeal, the order becomes final thirty days after rendition. *See Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (if defendant does not appeal conviction or sentence, judgment of conviction and sentence become final when 30-day period for filing appeal expires).

Here, the commitment order was rendered on January 21, 2007.  Debolt's appeal of the commitment order was successful and rather than face a new commitment trial, he entered into a Stipulated Commitment Agreement with the State.  After he violated that Agreement, the State Court ordered Debolt detained in the FCCC.  Debolt never appealed

the March 3, 2011 detention order, so the judgment became final on April 3, 2011, thirty days after the Circuit Court ordered him detained in the FCCC. Thus, Petitioner's one-year time limitation for filing a federal habeas petition challenging his detention expired on April 3, 2012.

Debolt filed the instant Petition on September 8, 2015, almost two and a half years after the limitation period had lapsed. Debolt did not file a direct appeal of the Circuit Court's March 3, 2011 detention order, nor did he file any other post-conviction motions for relief prior to filing the instant petition. Any motions for post-conviction relief filed now would be time barred in the state system. Since Debolt never filed a post-conviction motion, there is no equitable tolling of the limitation period. After carefully examining the petition, the Response, the state court record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d)(1).

### Certificate of Appealability[2]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,*

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is now

**ORDERED:**

(1) Petitioner George Debolt's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** with prejudice as untimely.

(2) The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the file.

(3) Petitioner is **DENIED** a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2